UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OM RECORDS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>OM DEVELOPPEMENT, SAS, et al.,<br><br>    Defendants. | Case No. 23-cv-04506-JSW<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>Re: Dkt. No. 52 |

Now before the Court is the Joint Motion for Protective Order filed by Defendants OM Developpement, SAS, Olympique de Marseille, SASP, BMG Rights Management (France), SARL, and BMG Rights Management (US), LLC. (Dkt. No. 52.) The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court HEREBY GRANTS the motion.

**BACKGROUND**

Plaintiff Om Records, LLC is a San Francisco-based record label known around the world for its production of electronic, dance, and hip-hop music. (Dkt. No. 10, First Am. Compl. ("FAC"), ¶ 9.) It contends that Defendants violated Section 43(a) the Lanham Act, the unfair competition prong of California Business and Professions Code section 17200, and a number of common law rights when they launched a label with the name "OM Records." (*See id.* ¶ 3.)

Defendants OM Developpement, SAS, Olympique de Marseille, SASP (together, the "OM Defendants"), and BMG Rights Management (France), SARL ("BMG France," and, together, the "French Defendants") are all French entities headquartered in France. Defendant BMG Rights Management (US), LLC is a limited liability company registered and headquartered somewhere in

1    the United States, with offices in Los Angeles, Nashville, and New York.

2        The French Defendants moved to dismiss the FAC for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). All Defendants moved to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted and on the basis of forum *non conveniens*. (Dkt. Nos. 39, 40.) Plaintiff opposed, arguing that it had made a *prima facie* showing of personal jurisdiction over the French Defendants. (Dkt. No. 48, at 19.) It requested, in the alternative, that the Court order a 90-day period of jurisdictional discovery running from the date of the Court's order on the motions to dismiss. (*Id.*)

3        While Defendants' motions to dismiss were pending, Plaintiff propounded extensive discovery requests, including eighty-four requests for production on each of the OM Defendants and seventy-nine requests for production on BMG France. (Dkt. No. 52-1, Ex. B; Dkt. No. 52-2, Ex. B.) Plaintiff also noticed depositions, via Zoom, of François Vesval and Claire Hindermeyer-Cayez. Vesval serves as legal counsel for Olympique de Marseille, and he signed the declaration in support of the OM Defendants' motion to dismiss for lack of personal jurisdiction. (*Id.*; *see also* Dkt. No. 39-1, Vesval Decl.) Hindermeyer-Cayez serves as the Director of Business and Legal Affairs at BMG France, and she signed the declaration in support of BMG France's motion to dismiss for lack of personal jurisdiction. (Dkt. No. 52-2, Ex. B; *see also* Dkt. No. 40-1, Hindermeyer-Cayez Decl.)

4        Defendants now move for a protective order to stay discovery pending resolution of their motions to dismiss or, in the alternative, limitations on the scope of discovery. (Dkt. No. 52.)

**ANALYSIS**

Federal Rule of Civil Procedure 26(c) provides that a court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, "forbidding. . . discovery" or "specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery." Fed. R. Civ. Proc. 26(c)(1)(A)-(B). *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (good cause to stay discovery may exist where a court is "convinced that the plaintiff will be unable to state a claim for relief"). "A party seeking a stay of discovery carries the heavy burden of making a 'strong

1  showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40
2  (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "The
3  moving party must show a particular and specific need for the protective order, as opposed to
4  making stereotyped or conclusory statements." *Id.* (citations omitted).

5        When determining whether to grant a protective order to stay discovery pending resolution
6  of dispositive motions, the Court considers (1) whether the motion is potentially dispositive of the
7  entire case, or at least dispositive on the issue at which discovery is directed; and (2) whether the
8  motion can be decided absent additional discovery. *The Pacific Lumber Co. v. National Union*
9  *Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003). If the answer to both
10 questions is yes, the Court may issue a protective order.

11       The first prong is easily satisfied. All Defendants move to dismiss the First Amended
12 Complaint in its entirety for failure to state a claim and for forum *non conveniens*. Additionally,
13 the French Defendants seek dismissal on the basis of lack of personal jurisdiction. While the
14 Court does not express an opinion on the merits of Defendants' arguments, the arguments could
15 potentially dispose of the entire case.

16       Although Plaintiff requests jurisdictional discovery in the event the Court grants
17 Defendants' motions to dismiss for lack of personal jurisdiction, Plaintiff does not argue that the
18 Court cannot resolve the motions without the benefit of further discovery. Based on the Court's
19 preliminary review of the motions and the materials submitted by the parties in support of and in
20 opposition to the motions, it finds no further discovery is needed for resolution. Accordingly,
21 Defendants have met the second prong of the *Pacific Lumber* test.

22       Defendants have demonstrated that they will be prejudiced by responding to the discovery
23 requests. Plaintiff asks the French Defendants to potentially violate French and European Union
24 law without a prior determination that the French Defendants are subject to the jurisdiction of this
25 Court. Plaintiff does not respond to this concern raised by the French Defendants at all, other than
26 to say the argument is "empty" or insincere. Plaintiff's response does not aid the Court. Its
27 discovery requests, and in particular its notices of deposition, raise questions of international law
28 that will require further motion practice before being authorized. The American Defendant, while

3

not risking running afoul of European or French law, would nevertheless incur potentially avoidable expense in responding to Plaintiff's voluminous discovery requests.

Plaintiff, on the other hand, has not demonstrated that any prejudice would result from a temporary stay of discovery pending resolution of the motions to dismiss. If the Court grants Plaintiff's request to conduct jurisdictional discovery, that discovery will be subject to limits imposed by the Court's forthcoming order. If the Court grants Defendants' motions based on forum *non conveniens* or failure to state a claim, Plaintiff and Defendants will be spared the expense of engaging in discovery.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Joint Motion for a Protective Order. It is HEREBY ORDERED that discovery is stayed pending the Court's resolution of Defendants' pending motions to dismiss.

**IT IS SO ORDERED.**

Dated: April 23, 2024

_____
JEFFREY S. WHITE
United States District Judge