# EXHIBIT A

DAVID M. GIVEN (State Bar No. 142375)
BRIAN S. CONLON (State Bar No. 303456)
KYLE P. O'MALLEY (State Bar No. 330184)
NINA C. POUGET (State Bar No. 332958)
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 - The Presidio
San Francisco, CA 94129
Telephone: 415-398-0900
Fax: 415-398-0911
Email: dmg@phillaw.com
bsc@phillaw.com
kpo@phillaw.com
ncp@phillaw.com

Attorneys for Plaintiff

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OM RECORDS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>OM DEVELOPPEMENT, SAS; OLYMPIQUE DE MARSEILLE, SA; BMG RIGHTS MANAGEMENT (FRANCE), SARL; BMG RIGHTS MANAGEMENT (US), LLC,<br><br>Defendants. | Case No: 4:23-cv-04506-JSW<br><br>**PLAINTIFF OM RECORDS, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BMG RIGHTS MANAGEMENT (FRANCE), SARL (SET TWO)** |

PROPOUNDING PARTY: PLAINTIFF OM RECORDS, LLC

RESPONDING PARTY: DEFENDANT BMG RIGHTS MANAGEMENT (FRANCE), SARL

SET NO: TWO (2)

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff OM RECORDS, LLC ("Plaintiff") hereby requests that Defendant BMG RIGHTS MANAGEMENT (FRANCE), SARL ("Defendant") produce for examination, inspection, and copying all the documents described or identified below. Please provide your responses within thirty (30) days to the

offices of Phillips, Erlewine, Given & Carlin LLP, 39 Mesa Street, Suite 201, The Presidio, San Francisco, California 94129, to the attention of David M. Given (dmg@phillaw.com), Brian S. Conlon (bsc@phillaw.com), Kyle P. O'Malley (kpo@phillaw.com) and Nina C. Pouget (ncp@phillaw.com).

## INSTRUCTIONS

1. If Defendant objects to part of a document request and refuses to answer that part, Defendant should state the relevant objection and answer the remaining portion of that document request. If Defendant objects to the scope or time period of a document request and refuses to answer for that scope or time period, Defendant should state the relevant objection and answer the document request for the scope or time period it believes is appropriate.

2. If Defendant withholds the production of any document on the grounds that the document is privileged or otherwise protected, Defendant shall state in a privilege log the nature of the claim of privilege or protection; and describe generally the type and nature of the document; the date of the document; the identity and address of the author(s) and any recipients of the document; the document's present location; and any other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

3. If any requested document is known by Defendant to have existed, but no longer exists or no longer is in Defendant's possession, custody, or control, Defendant is requested to identify the last known custodian thereof and state the date upon which it was lost or destroyed or otherwise became unavailable. If the document still exists but is unavailable to Defendant, Defendant is requested to identify its present custodian and location.

4. All requests phrased in either the disjunctive ("or") or conjunctive ("and") or both, should be interpreted in the manner that makes Plaintiff's requests inclusive rather than exclusive.

5. If any request is defined using a term of art or other term that Defendant believes to be incorrect, but Defendant understands the nature of the document requested, Defendant should produce the document notwithstanding the semantic or definitional error.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

6. Requests calling for computer files, or any other electronic or magnetic documents, data, or other electronically stored information ("ESI") specifically include requests for all meta-data to said computer files, documents, data, or information.

7. Production of any ESI shall be in native format, accessible and readable on a PC running Windows (as opposed to an Apple or Mac device), with all meta-data intact.

8. The requests for documents are continuing requests and require production of all responsive documents discovered or prepared after your initial response to this request.

**DEFINITIONS**

1. "ANY" includes and encompasses "ALL."

2. The term "BMG DEFENDANTS" refers to BMG RIGHTS MANAGEMENT (FRANCE), SARL, and BMG RIGHTS MANAGEMENT (US), LLC and any of their owners, officers, employees, or related and affiliated entities.

3. "COMMUNICATION" means an instance in which words or information are transferred or transmitted between two or more persons by whatever manner or means, and regardless of how or by whom the communication was initiated, including but not limited to mail, email, text messages, voicemail, and any other form of communication.

4. The terms "DEFENDANT" or "DEFENDANTS" refer to ANY and ALL of the following: OM DEVELOPPEMENT, SAS; OLYMPIQUE DE MARSEILLE, SA; BMG RIGHTS MANAGEMENT (FRANCE), SARL; BMG RIGHTS MANAGEMENT (US), LLC; and any of their owners, officers, employees, or related and affiliated entities.

5. The terms "DOCUMENT" or "DOCUMENTS" incorporate any writing defined in Fed. R. Evid. § 1001, however produced. The terms as used herein include, without limitation, any typewritten, handwritten, graphic, photographic, printed or otherwise recorded matter or recording of symbols in tangible form, however produced or reproduced, of every kind and regardless of where located, which is in your possession, custody, or control; or in the possession, custody or control of any servant or agent of you or of your attorneys. The terms include the following: electronically recorded information such as electronic mail ("email"), html files, databases, data processing cards or tapes, computerized data, computer diskettes, or

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic or other media; and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. Electronic files shall be produced in native format with all metadata intact. The terms "DOCUMENT" and "DOCUMENTS" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the file in which the documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document which has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

6. "IDENTIFY" mean: when referring to an individual to state the individual's name and last known address, telephone number and email address; when referring to an entity to state the entity's name and last known address and telephone number; when referring to a document, to state the document's name, last known location, and date of creation and describe its contents.

7. The term "OM DEFENDANTS" refers to OM DEVELOPPEMENT, SAS, and OLYMPIQUE DE MARSEILLE, SA and any of their owners, officers, employees, or related and affiliated entities.

8. The term "OM RECORDS TRADEMARK" refers to PLAINTIFF's "Om Records" trademark.

9. The term "OM RECORDS ENTERPRISE" means DEFENDANTS' "OM Records" record label, any advertising concerning that record label, and any content released under that name by any DEFENDANT, including any songs, albums, music videos, or other media whether physical or electronic.

10. “PERSON(S)” means and includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

11. “RELATING TO,” “RELATING THERETO,” “IN RELATION TO,” and “RELATED TO” means and includes arising from, discussing, summarizing, comprising, constituting, describing, reflecting, containing, including, referring to, depicting, connected with, embodying, evidencing, concerning, reporting, or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

12. “YOU,” “YOUR,” or “YOURSELF” means or refers to Defendant BMG rights management (France), SARL, and its agents, representatives, employees, officers, directors, members, owners, accountants, attorneys, predecessors and successors, parents, subsidiaries, affiliates, and ANY PERSONS acting on its behalf.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 46:**

ANY agreements or contracts RELATED TO the OM RECORDS ENTERPRISE between YOU on the one hand and BMG RIGHTS MANAGEMENT (US), LLC on the other hand.

**REQUEST FOR PRODUCTION NO. 47:**

ALL contracts or agreements with artists, agents, distributors, producers, content creators, or other entities or individuals based in California or the United States on ANY platform RELATING TO the OM RECORDS ENTERPRISE from 2020 to present.

**REQUEST FOR PRODUCTION NO. 48:**

ALL agreements or contracts with venues, promoters, distributors, or any other entities or individuals based in California or the United States RELATED TO the OM RECORDS ENTERPRISE from 2020 to present.

**REQUEST FOR PRODUCTION NO. 49:**

DOCUMENTS reflecting the streams, views, and/or downloads of ANY and ALL OM RECORDS ENTERPRISE songs, albums, and music videos in California or in the United States from 2020 to present on ANY platform both in total and as a percentage of total distribution.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

**REQUEST FOR PRODUCTION NO. 50:**

DOCUMENTS reflecting the location of the consumers who viewed, streamed, purchased, and/or downloaded ANY and ALL OM RECORDS ENTERPRISE songs, albums, or music videos on any platforms from 2020 to present.

**REQUEST FOR PRODUCTION NO. 51:**

ALL records of shipments or deliveries to California or United States addresses RELATED TO the OM RECORDS ENTERPRISE.

**REQUEST FOR PRODUCTION NO. 52:**

ALL DOCUMENTS showing the extent of the Olympique de Marseille football club's fanbase in California or the United States from 2020 to present.

**REQUEST FOR PRODUCTION NO. 53:**

ALL DOCUMENTS RELATED TO the Olympique de Marseille football club's San Francisco or Los Angeles fan clubs from 2017 to present.

**REQUEST FOR PRODUCTION NO. 54:**

ALL COMMUNICATIONS to or from California or the United States RELATING TO the OM RECORDS ENTERPRISE from 2017 to present.

**REQUEST FOR PRODUCTION NO. 55:**

ALL COMMUNICATIONS to or from California or the United States RELATING TO the OM RECORDS TRADEMARK from 2020 to present.

**REQUEST FOR PRODUCTION NO. 56:**

ALL advertising or marketing materials RELATED TO the OM RECORDS ENTERPRISE that reached anyone in California or the United States from 2020 to present.

**REQUEST FOR PRODUCTION NO. 57:**

ALL DOCUMENTS or COMMUNICATIONS RELATED TO ANY events, including but not limited to meetings, artist signings, music or video release parties, and awards ceremonies held in California or the United States RELATED TO the OM RECORDS ENTERPRISE from 2017 to present.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

**REQUEST FOR PRODUCTION NO. 58:**

ALL DOCUMENTS or COMMUNICATIONS RELATED TO the use of Defendant BMG Rights Management (US) LLC Los Angeles office to conduct OM RECORDS ENTERRPISE business from 2017 to present.

**REQUEST FOR PRODUCTION NO. 59:**

ALL DOCUMENTS or COMMUNICATIONS RELATED TO ANY OM RECORDS ENTERPRISE music videos shot or created in any part in California from 2020 to present.

**REQUEST FOR PRODUCTION NO. 60:**

ALL COMMUNICATIONS with First Sight International LLC RELATED TO ANY OM RECORDS ENTERPRISE business.

**REQUEST FOR PRODUCTION NO. 61:**

ALL COMMUNICATIONS with London Ent. Inc. RELATED TO ANY OM RECORDS ENTERPRISE business.

**REQUEST FOR PRODUCTION NO. 62:**

ALL COMMUNICATIONS with Digital Music News RELATED TO ANY OM RECORDS ENTERPRISE business.

**REQUEST FOR PRODUCTION NO. 63:**

ALL COMMUNICATIONS with Billboard Magazine RELATED TO ANY OM RECORDS ENTERPRISE business.

**REQUEST FOR PRODUCTION NO. 64:**

ALL COMMUNICATIONS with Trackdilla RELATED TO ANY OM RECORDS ENTERPRISE business.

**REQUEST FOR PRODUCTION NO. 65:**

ALL COMMUNICATIONS with Heavy Hustle Music Group RELATED TO ANY OM RECORDS ENTERPRISE business.

**REQUEST FOR PRODUCTION NO. 66:**

ALL COMMUNICATIONS with Warner Music Group RELATED TO ANY OM RECORDS ENTERPRISE business.

**REQUEST FOR PRODUCTION NO. 67:**

ALL terms of service YOU were subject to for use of ANY social media platforms RELATED TO the OM RECORDS ENTERPRISE from 2020 to present. For search purposes, this includes but is not limited to Facebook, Instagram, and X.

**REQUEST FOR PRODUCTION NO. 68:**

ALL terms of service YOU were subject to for use of ANY music distribution platform from 2020 to present RELATED TO the OM RECORDS ENTERPRISE. For search purposes, this includes but is not limited to Spotify, Amazon, Apple Music, and YouTube.

**REQUEST FOR PRODUCTION NO. 69:**

ALL DOCUMENTS and COMMUNICATIONS evidencing ANY travel by ANY of YOUR employees, independent contractors, agents, or ANY other personnel to or from California RELATED TO the OM RECORDS ENTERPRISE from 2017 to present.

**REQUEST FOR PRODUCTION NO. 70:**

ALL DOCUMENTS and COMMUNICATIONS evidencing ANY work performed by ANY of YOUR employees, independent contractors, agents, or other personnel RELATED TO the OM RECORDS ENTERPRISE in California or the United States from 2017 to present.

**REQUEST FOR PRODUCTION NO. 71:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO ANY market research concerning the United States or California market for music or music videos released by the OM RECORDS ENTERPRISE.

**REQUEST FOR PRODUCTION NO. 72:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO the presence and/or number of francophones in the United States or California from 2017 to present.

**REQUEST FOR PRODUCTION NO. 73:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO the presence and/or number of fans of the Olympique de Marseille football club in the United States or California from 2017 to present.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

**REQUEST FOR PRODUCTION NO. 74:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO the presence and/or number of fans of French rap or hip hop in the United States or California from 2017 to present.

**REQUEST FOR PRODUCTION NO. 75:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO ANY OM RECORDS ENTERPRISE songs or music videos charting in the top 100 of ANY streaming or download ranking on ANY platform in the United States.

**REQUEST FOR PRODUCTION NO. 76:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO ANY English-language marketing of OM RECORDS ENTERPRISE songs or music videos.

**REQUEST FOR PRODUCTION NO. 77:**

ALL social media posts, replies, or comments RELATED TO the OM RECORDS ENTERPRISE from 2020 to present.

**REQUEST FOR PRODUCTION NO. 78:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO ANY consumer confusion between the OM RECORDS ENTERPRISE and Plaintiff's record label.

**REQUEST FOR PRODUCTION NO. 79:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR intent to use the "OM RECORDS" name in the United States or California.

Dated: March 14, 2024

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP

By: ______________________
David M. Given
Brian S. Conlon
Kyle P. O'Malley
Nina C. Pouget
Attorneys for Plaintiff

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

# EXHIBIT B

DAVID M. GIVEN (State Bar No. 142375)
BRIAN S. CONLON (State Bar No. 303456)
KYLE P. O'MALLEY (State Bar No. 330184)
NINA C. POUGET (State Bar No. 332958)
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 - The Presidio
San Francisco, CA 94129
Telephone: 415-398-0900
Fax: 415-398-0911
Email: dmg@phillaw.com
bsc@phillaw.com
kpo@phillaw.com
ncp@phillaw.com

Attorneys for Plaintiff

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OM RECORDS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>OM DEVELOPPEMENT, SAS; OLYMPIQUE DE MARSEILLE, SA; BMG RIGHTS MANAGEMENT (FRANCE), SARL; BMG RIGHTS MANAGEMENT (US), LLC,<br><br>Defendants. | Case No: 4:23-cv-04506-JSW<br><br>**PLAINTIFF OM RECORDS, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BMG RIGHTS MANAGEMENT (US), LLC (SET TWO)** |

PROPOUNDING PARTY: PLAINTIFF OM RECORDS, LLC

RESPONDING PARTY: DEFENDANT BMG RIGHTS MANAGEMENT (US), LLC

SET NO: TWO (2)

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff OM RECORDS, LLC ("Plaintiff") hereby requests that Defendant BMG RIGHTS MANAGEMENT (US), LLC ("Defendant") produce for examination, inspection, and copying all the documents described or identified below. Please provide your responses within thirty (30) days to the offices of Phillips,

Erlewine, Given & Carlin LLP, 39 Mesa Street, Suite 201, The Presidio, San Francisco, California 94129, to the attention of David M. Given (dmg@phillaw.com), Brian S. Conlon (bsc@phillaw.com), Kyle P. O'Malley (kpo@phillaw.com) and Nina C. Pouget (ncp@phillaw.com).

**INSTRUCTIONS**

1. If Defendant objects to part of a document request and refuses to answer that part, Defendant should state the relevant objection and answer the remaining portion of that document request. If Defendant objects to the scope or time period of a document request and refuses to answer for that scope or time period, Defendant should state the relevant objection and answer the document request for the scope or time period it believes is appropriate.

2. If Defendant withholds the production of any document on the grounds that the document is privileged or otherwise protected, Defendant shall state in a privilege log the nature of the claim of privilege or protection; and describe generally the type and nature of the document; the date of the document; the identity and address of the author(s) and any recipients of the document; the document's present location; and any other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

3. If any requested document is known by Defendant to have existed, but no longer exists or no longer is in Defendant's possession, custody, or control, Defendant is requested to identify the last known custodian thereof and state the date upon which it was lost or destroyed or otherwise became unavailable. If the document still exists but is unavailable to Defendant, Defendant is requested to identify its present custodian and location.

4. All requests phrased in either the disjunctive ("or") or conjunctive ("and") or both, should be interpreted in the manner that makes Plaintiff's requests inclusive rather than exclusive.

5. If any request is defined using a term of art or other term that Defendant believes to be incorrect, but Defendant understands the nature of the document requested, Defendant should produce the document notwithstanding the semantic or definitional error.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

6. Requests calling for computer files, or any other electronic or magnetic documents, data, or other electronically stored information ("ESI") specifically include requests for all meta-data to said computer files, documents, data, or information.

7. Production of any ESI shall be in native format, accessible and readable on a PC running Windows (as opposed to an Apple or Mac device), with all meta-data intact.

8. The requests for documents are continuing requests and require production of all responsive documents discovered or prepared after your initial response to this request.

**DEFINITIONS**

1. "ANY" includes and encompasses "ALL."

2. The term "BMG DEFENDANTS" refers to BMG RIGHTS MANAGEMENT (FRANCE), SARL, and BMG RIGHTS MANAGEMENT (US), LLC and any of their owners, officers, employees, or related and affiliated entities.

3. "COMMUNICATION" means an instance in which words or information are transferred or transmitted between two or more persons by whatever manner or means, and regardless of how or by whom the communication was initiated, including but not limited to mail, email, text messages, voicemail, and any other form of communication.

4. The terms "DEFENDANT" or "DEFENDANTS" refer to ANY and ALL of the following: OM DEVELOPPEMENT, SAS; OLYMPIQUE DE MARSEILLE, SA; BMG RIGHTS MANAGEMENT (FRANCE), SARL; BMG RIGHTS MANAGEMENT (US), LLC; and any of their owners, officers, employees, or related and affiliated entities.

5. The terms "DOCUMENT" or "DOCUMENTS" incorporate any writing defined in Fed. R. Evid. § 1001, however produced. The terms as used herein include, without limitation, any typewritten, handwritten, graphic, photographic, printed or otherwise recorded matter or recording of symbols in tangible form, however produced or reproduced, of every kind and regardless of where located, which is in your possession, custody, or control; or in the possession, custody or control of any servant or agent of you or of your attorneys. The terms include the following: electronically recorded information such as electronic mail ("email"), html files, databases, data processing cards or tapes, computerized data, computer diskettes, or

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic or other media; and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. Electronic files shall be produced in native format with all metadata intact. The terms "DOCUMENT" and "DOCUMENTS" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the file in which the documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document which has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

6. "IDENTIFY" mean: when referring to an individual to state the individual's name and last known address, telephone number and email address; when referring to an entity to state the entity's name and last known address and telephone number; when referring to a document, to state the document's name, last known location, and date of creation and describe its contents.

7. The term "OM DEFENDANTS" refers to OM DEVELOPPEMENT, SAS, and OLYMPIQUE DE MARSEILLE, SA and any of their owners, officers, employees, or related and affiliated entities.

8. The term "OM RECORDS TRADEMARK" refers to PLAINTIFF's "Om Records" trademark.

9. The term "OM RECORDS ENTERPRISE" means DEFENDANTS' "OM Records" record label, any advertising concerning that record label, and any content released under that name by any DEFENDANT, including any songs, albums, music videos, or other media whether physical or electronic.

10. “PERSON(S)” means and includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

11. “RELATING TO,” “RELATING THERETO,” “IN RELATION TO,” and “RELATED TO” means and includes arising from, discussing, summarizing, comprising, constituting, describing, reflecting, containing, including, referring to, depicting, connected with, embodying, evidencing, concerning, reporting, or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

12. “YOU,” “YOUR,” or “YOURSELF” means or refers to Defendant BMG Rights Management (US), LLC, and its agents, representatives, employees, officers, directors, members, owners, accountants, attorneys, predecessors and successors, parents, subsidiaries, affiliates, and ANY PERSONS acting on its behalf.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 47:**

ANY agreements or contracts RELATED TO the OM RECORDS ENTERPRISE between YOU on the one hand and BMG RIGHTS MANAGEMENT (FRANCE), SARL on the other hand.

**REQUEST FOR PRODUCTION NO. 48:**

ALL contracts or agreements with artists, agents, distributors, producers, content creators, or other entities or individuals based in California or the United States on ANY platform RELATING TO the OM RECORDS ENTERPRISE from 2020 to present.

**REQUEST FOR PRODUCTION NO. 49:**

ALL agreements or contracts with venues, promoters, distributors, or any other entities or individuals based in California or the United States RELATED TO the OM RECORDS ENTERPRISE from 2020 to present.

**REQUEST FOR PRODUCTION NO. 50:**

DOCUMENTS reflecting the streams, views, and/or downloads of ANY and ALL OM RECORDS ENTERPRISE songs, albums, and music videos in California or in the United States from 2020 to present on ANY platform both in total and as a percentage of total distribution.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

**REQUEST FOR PRODUCTION NO. 51:**

DOCUMENTS reflecting the location of the consumers who viewed, streamed, purchased, and/or downloaded ANY and ALL OM RECORDS ENTERPRISE songs, albums, or music videos on any platforms from 2020 to present.

**REQUEST FOR PRODUCTION NO. 52:**

ALL records of shipments or deliveries to California or United States addresses RELATED TO the OM RECORDS ENTERPRISE.

**REQUEST FOR PRODUCTION NO. 53:**

ALL DOCUMENTS showing the extent of the Olympique de Marseille football club's fanbase in California or the United States from 2020 to present.

**REQUEST FOR PRODUCTION NO. 54:**

ALL DOCUMENTS RELATED TO the Olympique de Marseille football club's San Francisco or Los Angeles fan clubs from 2017 to present.

**REQUEST FOR PRODUCTION NO. 55:**

ALL COMMUNICATIONS to or from California or the United States RELATING TO the OM RECORDS ENTERPRISE from 2017 to present.

**REQUEST FOR PRODUCTION NO. 56:**

ALL COMMUNICATIONS to or from California or the United States RELATING TO the OM RECORDS TRADEMARK from 2020 to present.

**REQUEST FOR PRODUCTION NO. 57:**

ALL advertising or marketing materials RELATED TO the OM RECORDS ENTERPRISE that reached anyone in California or the United States from 2020 to present.

**REQUEST FOR PRODUCTION NO. 58:**

ALL DOCUMENTS or COMMUNICATIONS RELATED TO ANY events, including but not limited to meetings, artist signings, music or video release parties, and awards ceremonies held in California or the United States RELATED TO the OM RECORDS ENTERPRISE from 2017 to present.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

**REQUEST FOR PRODUCTION NO. 59:**

ALL DOCUMENTS or COMMUNICATIONS RELATED TO the use of YOUR Los Angeles office to conduct OM RECORDS ENTERRPISE business from 2017 to present.

**REQUEST FOR PRODUCTION NO. 60:**

ALL DOCUMENTS or COMMUNICATIONS RELATED TO ANY OM RECORDS ENTERPRISE music videos shot or created in any part in California from 2020 to present.

**REQUEST FOR PRODUCTION NO. 61:**

ALL COMMUNICATIONS with First Sight International LLC RELATED TO ANY OM RECORDS ENTERPRISE business.

**REQUEST FOR PRODUCTION NO. 62:**

ALL COMMUNICATIONS with London Ent. Inc. RELATED TO ANY OM RECORDS ENTERPRISE business.

**REQUEST FOR PRODUCTION NO. 63:**

ALL COMMUNICATIONS with Digital Music News RELATED TO ANY OM RECORDS ENTERPRISE business.

**REQUEST FOR PRODUCTION NO. 64:**

ALL COMMUNICATIONS with Billboard Magazine RELATED TO ANY OM RECORDS ENTERPRISE business.

**REQUEST FOR PRODUCTION NO. 65:**

ALL COMMUNICATIONS with Trackdilla RELATED TO ANY OM RECORDS ENTERPRISE business.

**REQUEST FOR PRODUCTION NO. 66:**

ALL COMMUNICATIONS with Heavy Hustle Music Group RELATED TO ANY OM RECORDS ENTERPRISE business.

**REQUEST FOR PRODUCTION NO. 67:**

ALL COMMUNICATIONS with Warner Music Group RELATED TO ANY OM RECORDS ENTERPRISE business.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

**REQUEST FOR PRODUCTION NO. 68:**

ALL terms of service YOU were subject to for use of ANY social media platforms RELATED TO the OM RECORDS ENTERPRISE from 2020 to present. For search purposes, this includes but is not limited to Facebook, Instagram, and X.

**REQUEST FOR PRODUCTION NO. 69:**

ALL terms of service YOU were subject to for use of ANY music distribution platform from 2020 to present RELATED TO the OM RECORDS ENTERPRISE. For search purposes, this includes but is not limited to Spotify, Amazon, Apple Music, and YouTube.

**REQUEST FOR PRODUCTION NO. 70:**

ALL DOCUMENTS and COMMUNICATIONS evidencing ANY travel by ANY of YOUR employees, independent contractors, agents, or ANY other personnel to or from California RELATED TO the OM RECORDS ENTERPRISE from 2017 to present.

**REQUEST FOR PRODUCTION NO. 71:**

ALL DOCUMENTS and COMMUNICATIONS evidencing ANY work performed by ANY of YOUR employees, independent contractors, agents, or other personnel RELATED TO the OM RECORDS ENTERPRISE in California or the United States from 2017 to present.

**REQUEST FOR PRODUCTION NO. 72:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO ANY market research concerning the United States or California market for music or music videos released by the OM RECORDS ENTERPRISE.

**REQUEST FOR PRODUCTION NO. 73:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO the presence and/or number of francophones in the United States or California from 2017 to present.

**REQUEST FOR PRODUCTION NO. 74:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO the presence and/or number of fans of the Olympique de Marseille football club in the United States or California from 2017 to present.

**REQUEST FOR PRODUCTION NO. 75:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO the presence and/or number of fans of French rap or hip hop in the United States or California from 2017 to present.

**REQUEST FOR PRODUCTION NO. 76:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO ANY OM RECORDS ENTERPRISE songs or music videos charting in the top 100 of ANY streaming or download ranking on ANY platform in the United States.

**REQUEST FOR PRODUCTION NO. 77:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO ANY English-language marketing of OM RECORDS ENTERPRISE songs or music videos.

**REQUEST FOR PRODUCTION NO. 78:**

ALL social media posts, replies, or comments RELATED TO the OM RECORDS ENTERPRISE from 2020 to present.

**REQUEST FOR PRODUCTION NO. 79:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO ANY consumer confusion between the OM RECORDS ENTERPRISE and Plaintiff's record label.

**REQUEST FOR PRODUCTION NO. 80:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR intent to use the "OM RECORDS" name in the United States or California.

Dated: March 14, 2024

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP

By: ______________________

David M. Given
Brian S. Conlon
Kyle P. O'Malley
Nina C. Pouget
Attorneys for Plaintiff

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

# EXHIBIT C

DAVID M. GIVEN (State Bar No. 142375)
KYLE P. O'MALLEY (State Bar No. 330184)
NINA C. POUGET (State Bar No. 332958)
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 - The Presidio
San Francisco, CA 94129
Telephone: 415-398-0900
Fax: 415-398-0911
Email: dmg@phillaw.com
kpo@phillaw.com
ncp@phillaw.com

Attorneys for Plaintiff

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OM RECORDS, LLC, a California limited liability company,

Plaintiff,

v.

OM DEVELOPPEMENT, SAS; OLYMPIQUE DE MARSEILLE, SA; BMG RIGHTS MANAGEMENT (FRANCE), SARL; BMG RIGHTS MANAGEMENT (US), LLC,

Defendants.

Case No: 4:23-cv-04506-JSW

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BMG RIGHTS MANAGEMENT (FRANCE), SARL (SET THREE)**

PROPOUNDING PARTY: PLAINTIFF

RESPONDING PARTY: DEFENDANT BMG RIGHTS MANAGEMENT (FRANCE), SARL

SET NO: THREE (3)

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff OM RECORDS, LLC ("Plaintiff") hereby requests that Defendant BMG RIGHTS MANAGEMENT (FRANCE), SARL ("Defendant") produce for examination, inspection, and copying all the documents described or identified below. Please provide your responses within thirty (30) days to the

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

offices of Phillips, Erlewine, Given & Carlin LLP, 39 Mesa Street, Suite 201, The Presidio, San Francisco, California 94129, to the attention of David M. Given (dmg@phillaw.com), Kyle P. O'Malley (kpo@phillaw.com) and Nina C. Pouget (ncp@phillaw.com).

**INSTRUCTIONS**

1. If Defendant objects to part of a document request and refuses to answer that part, Defendant should state the relevant objection and answer the remaining portion of that document request. If Defendant objects to the scope or time period of a document request and refuses to answer for that scope or time period, Defendant should state the relevant objection and answer the document request for the scope or time period it believes is appropriate.

2. If Defendant withholds the production of ANY document on the grounds that the document is privileged or otherwise protected, Defendant shall state in a privilege log the nature of the claim of privilege or protection; and describe generally the type and nature of the document; the date of the document; the identity and address of the author(s) and ANY recipients of the document; the document's present location; and ANY other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

3. If ANY requested document is known by Defendant to have existed, but no longer exists or no longer is in Defendant's possession, custody, or control, Defendant is requested to identify the last known custodian thereof and state the date upon which it was lost or destroyed or otherwise became unavailable. If the document still exists but is unavailable to Defendant, Defendant is requested to identify its present custodian and location.

5. If ANY request is defined using a term of art or other term that Defendant believes to be incorrect, but Defendant understands the nature of the document requested, Defendant should produce the document notwithstanding the semantic or definitional error.

6. Requests calling for computer files, or ANY other electronic or magnetic documents, data, or other electronically stored information ("ESI") specifically include requests for all meta-data to said computer files, documents, data, or information.

7. Production of ANY ESI shall be in native format, accessible and readable on a PC running Windows (as opposed to an Apple or Mac device), with all meta-data intact.

8. The requests for documents are continuing requests and require production of ANY responsive documents discovered or prepared after YOUR initial response to this request.

**DEFINITIONS**

1. "AGREEMENT" means that certain Binding Term Sheet for Partnership dated June 8, 2020, by and between "L'OLYMPIQUE DE MARSEILLE" and "BMG RIGHTS MANAGEMENT (FRANCE)."

2. "ANY" includes and encompasses "ALL."

3. The term "BMG (US)" refers to BMG RIGHTS MANAGEMENT (US), LLC, and ANY of its owners, officers, employees, or related and affiliated entities.

4. "COMMUNICATION" means an instance in which words or information are transferred or transmitted between two or more persons by whatever manner or means, and regardless of how or by whom the communication was initiated, including but not limited to mail, email (direct and CCed), text messages, voicemail, and ANY other form of communication.

5. The terms "DOCUMENT" or "DOCUMENTS" incorporate ANY writing defined in Fed. R. Evid. § 1001, however produced. The terms as used herein include, without limitation, ANY typewritten, handwritten, graphic, photographic, printed or otherwise recorded matter or recording of symbols in tangible form, however produced or reproduced, of every kind and regardless of where located, which is in YOUR possession, custody, or control; or in the possession, custody or control of ANY servant or agent of YOU or of YOUR attorneys. The terms include the following: electronically recorded information such as electronic mail ("email"), SMS or text messages, html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or ANY information maintained 83073on digital, electronic, magnetic or other media; and ANY other summary, schedule, memorandum, agreement, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

other such writing or recording. Electronic files shall be produced in native format with all metadata intact. The terms "DOCUMENT" and "DOCUMENTS" include ANY originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the file in which the documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document which has ANY nonconforming notes, marginal annotations or other markings, and ANY preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

6. The term "OM DEFENDANTS" refers to OM DEVELOPPEMENT, SAS, and OLYMPIQUE DE MARSEILLE, SA (SASP) and ANY of their owners, officers, employees, or related and affiliated entities.

7. The term "OM RECORDS VENTURE" means that business venture or "partnership" as contemplated, intended, or reflected in the AGREEMENT.

8. "PERSON(S)" means and includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

9. "RELATED TO" means and includes arising from, discussing, summarizing, comprising, constituting, describing, reflecting, containing, including, referring to, depicting, connected with, embodying, evidencing, concerning, reporting, or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

10. "YOU," "YOUR," or "YOURSELF" means or refers to Defendant BMG Rights Management (FRANCE) SARL, and its agents, representatives, employees, officers, directors, members, owners, accountants, attorneys, predecessors and successors, parents, subsidiaries, affiliates, and ANY PERSONS acting on its behalf.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 80:**

ANY COMMUNICATION with BMG (US) related to the OM RECORDS VENTURE.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

**REQUEST FOR PRODUCTION NO. 81:**

ANY COMMUNICATION with the following social media platforms – Instagram, Facebook, Snapchat, Twitter/X, TikTok and YouTube – RELATED TO the OM RECORDS VENTURE.

**REQUEST FOR PRODUCTION NO. 82:**

ANY COMMUNICATION with the following digital music providers – Spotify, Apple Music, and Amazon Music – RELATED TO the OM RECORDS VENTURE.

**REQUEST FOR PRODUCTION NO. 83:**

ANY DOCUMENT evidencing the amount of downloads from Aug. 2020 to the present by consumers in the U.S. and California RELATED TO the OM RECORDS VENTURE.

**REQUEST FOR PRODUCTION NO. 84:**

ANY DOCUMENT evidencing the amount of streams from Aug. 2020 to the present by consumers in the U.S. and California RELATED TO the OM RECORDS VENTURE.

**REQUEST FOR PRODUCTION NO. 85:**

ANY DOCUMENTS evidencing the amount of views from Aug. 2020 to the present by consumers in the U.S. and California RELATED TO the OM RECORDS VENTURE.

**REQUEST FOR PRODUCTION NO. 86:**

ANY COMMUNICATION with ANY of the OM DEFENDANTS RELATED TO that certain U.S. Trademark Office registration of the OM RECORDS mark, Serial No. 79313619.

**REQUEST FOR PRODUCTION NO. 87:**

ANY COMMUNICATION with Legabrand SARL RELATED TO the OM RECORDS VENTURE.

**REQUEST FOR PRODUCTION NO. 88:**

ANY COMMUNICATION RELATED TO that certain recording artist known as Trackdilla.

**REQUEST FOR PRODUCTION NO. 89:**

ANY agreement with Trackdilla RELATED TO the OM RECORDS VENTURE.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

**REQUEST FOR PRODUCTION NO. 90:**

ANY DOCUMENT RELATED TO the "OM License Grant" referred to in Paragraph 1.B.(i.) of the AGREEMENT.

**REQUEST FOR PRODUCTION NO. 91:**

ANY DOCUMENT RELATED TO the "Assignment of Exploitation Rights of Artists" referred to in Paragraph 2.(a.-c.) of the AGREEMENT.

**REQUEST FOR PRODUCTION NO. 92:**

ANY COMMUNICATION with the following trade publications – Billboard, Digital Music News, Hits Magazine, and Variety – RELATED TO the OM RECORDS VENTURE.

**REQUEST FOR PRODUCTION NO. 93:**

Of the funds YOU spent on the OM RECORDS VENTURE per the AGREEMENT, DOCUMENTS sufficient to show expenditures in the U.S. or California.

**REQUEST FOR PRODUCTION NO. 94:**

ANY DOCUMENT RELATED TO ANY promotion or advertisement YOU or any other Defendant purchased or arranged for which appeared in the U.S. or California RELATED TO the OM RECORDS VENTURE or which used the "OM Records" moniker.

Dated: June 27, 2024 PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP

By: /s/ David M. Given
David M. Given
Kyle P. O'Malley
Nina C. Pouget
Attorneys for Plaintiff

# EXHIBIT D

DAVID M. GIVEN (State Bar No. 142375)
KYLE P. O'MALLEY (State Bar No. 330184)
NINA C. POUGET (State Bar No. 332958)
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 - The Presidio
San Francisco, CA 94129
Telephone: 415-398-0900
Fax: 415-398-0911
Email: dmg@phillaw.com
kpo@phillaw.com
ncp@phillaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OM RECORDS, LLC, a California limited liability company,

Plaintiff,

v.

OM DEVELOPPEMENT, SAS; OLYMPIQUE DE MARSEILLE, SA; BMG RIGHTS MANAGEMENT (FRANCE), SARL; BMG RIGHTS MANAGEMENT (US), LLC,

Defendants.

Case No: 4:23-cv-04506-JSW

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BMG RIGHTS MANAGEMENT (US), LLC (SET THREE)**

PROPOUNDING PARTY: PLAINTIFF

RESPONDING PARTY: DEFENDANT BMG RIGHTS MANAGEMENT (US), LLC

SET NO: THREE (3)

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff OM RECORDS, LLC ("Plaintiff") hereby requests that Defendant BMG RIGHTS MANAGEMENT (US), LLC ("Defendant") produce for examination, inspection, and copying all the documents described or identified below. Please provide your responses within thirty (30) days to the offices of Phillips, Erlewine, Given & Carlin LLP, 39 Mesa Street, Suite 201, The Presidio, San Francisco,



PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

California 94129, to the attention of David M. Given (dmg@phillaw.com), Kyle P. O'Malley (kpo@phillaw.com) and Nina C. Pouget (ncp@phillaw.com).

**INSTRUCTIONS**

1. If Defendant objects to part of a document request and refuses to answer that part, Defendant should state the relevant objection and answer the remaining portion of that document request. If Defendant objects to the scope or time period of a document request and refuses to answer for that scope or time period, Defendant should state the relevant objection and answer the document request for the scope or time period it believes is appropriate.

2. If Defendant withholds the production of ANY document on the grounds that the document is privileged or otherwise protected, Defendant shall state in a privilege log the nature of the claim of privilege or protection; and describe generally the type and nature of the document; the date of the document; the identity and address of the author(s) and ANY recipients of the document; the document's present location; and ANY other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

3. If ANY requested document is known by Defendant to have existed, but no longer exists or no longer is in Defendant's possession, custody, or control, Defendant is requested to identify the last known custodian thereof and state the date upon which it was lost or destroyed or otherwise became unavailable. If the document still exists but is unavailable to Defendant, Defendant is requested to identify its present custodian and location.

5. If ANY request is defined using a term of art or other term that Defendant believes to be incorrect, but Defendant understands the nature of the document requested, Defendant should produce the document notwithstanding the semantic or definitional error.

6. Requests calling for computer files, or ANY other electronic or magnetic documents, data, or other electronically stored information ("ESI") specifically include requests for all meta-data to said computer files, documents, data, or information.

7. Production of ANY ESI shall be in native format, accessible and readable on a PC running Windows (as opposed to an Apple or Mac device), with all meta-data intact.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

8. The requests for documents are continuing requests and require production of ANY responsive documents discovered or prepared after YOUR initial response to this request.

**DEFINITIONS**

1. "AGREEMENT" means that certain Binding Term Sheet for Partnership dated June 8, 2020, by and between "L'OLYMPIQUE DE MARSEILLE" and "BMG RIGHTS MANAGEMENT (FRANCE)."

2. "ANY" includes and encompasses "ALL."

3. "COMMUNICATION" means an instance in which words or information are transferred or transmitted between two or more persons by whatever manner or means, and regardless of how or by whom the communication was initiated, including but not limited to mail, email (direct and CCed), text messages, voicemail, and ANY other form of communication.

4. The terms "DOCUMENT" or "DOCUMENTS" incorporate ANY writing defined in Fed. R. Evid. § 1001, however produced. The terms as used herein include, without limitation, ANY typewritten, handwritten, graphic, photographic, printed or otherwise recorded matter or recording of symbols in tangible form, however produced or reproduced, of every kind and regardless of where located, which is in YOUR possession, custody, or control; or in the possession, custody or control of ANY servant or agent of YOU or of YOUR attorneys. The terms include the following: electronically recorded information such as electronic mail ("email"), SMS or text messages, html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or ANY information maintained on digital, electronic, magnetic or other media; and ANY other summary, schedule, memorandum, agreement, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. Electronic files shall be produced in native format with all metadata intact. The terms "DOCUMENT" and "DOCUMENTS" include ANY originals, all file copies, all

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the file in which the documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document which has ANY nonconforming notes, marginal annotations or other markings, and ANY preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

5. The term "FRENCH DEFENDANTS" refers to ANY of the following: OM DEVELOPPEMENT, SAS; OLYMPIQUE DE MARSEILLE, SA; BMG RIGHTS MANAGEMENT (FRANCE), SARL; and ANY of their owners, officers, employees, or related and affiliated entities.

6. The term "OM RECORDS VENTURE" means that business venture or "partnership" as contemplated, intended, or reflected in the AGREEMENT.

7. "PERSON(S)" means and includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

8. "RELATED TO" means and includes arising from, discussing, summarizing, comprising, constituting, describing, reflecting, containing, including, referring to, depicting, connected with, embodying, evidencing, concerning, reporting, or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

9. "YOU," "YOUR," or "YOURSELF" means or refers to Defendant BMG Rights Management (US), LLC, and its agents, representatives, employees, officers, directors, members, owners, accountants, attorneys, predecessors and successors, parents, subsidiaries, affiliates, and ANY PERSONS acting on its behalf.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 81:**

ANY COMMUNICATION with the FRENCH DEFENDANTS related to the OM RECORDS VENTURE.

**REQUEST FOR PRODUCTION NO. 82:**

ANY DOCUMENTS RELATED TO the OM RECORDS VENTURE.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

**REQUEST FOR PRODUCTION NO. 83:**

ANY COMMUNICATION with Frank McCourt RELATED TO the OM RECORDS VENTURE.

**REQUEST FOR PRODUCTION NO. 84:**

ANY COMMUNICATION between John Loeffler and Frank McCourt RELATED TO the OM RECORDS VENTURE.

**REQUEST FOR PRODUCTION NO. 85:**

ANY COMMUNICATION with Legabrand SARL RELATED TO the OM RECORDS VENTURE.

**REQUEST FOR PRODUCTION NO. 86:**

ANY joint defense agreement between YOU and ANY of the FRENCH DEFENDANTS RELATED TO this lawsuit.

Dated: June 27, 2024 PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP

By: /s/ David M. Given
David M. Given
Kyle P. O'Malley
Nina C. Pouget
Attorneys for Plaintiff

# EXHIBIT E

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

OM RECORDS, LLC
*Plaintiff*
v.
OM DEVELOPPEMENT, SAS; OLYMPIQUE DE MARSEILLE, SA; BMG RIGHTS MANAGEMENT (FRANCE), SARL; BMG RIGHTS MANAGEMENT (US), LLC
*Defendant*

Civil Action No. 4:23-cv-04506-JSW

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: DAVID HIRSHLAND; 11910 VICTORIA AVE LOS ANGELES, CA 90066-3216
*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| Remote via Zoom. | 08/13/2024 10:00 am PST |

The deposition will be recorded by this method: Remote via Zoom.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/09/2024

*CLERK OF COURT*

OR

_______________________
*Signature of Clerk or Deputy Clerk*

/s/ Kyle P. O'Malley
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* OM RECORDS LLC, who issues or requests this subpoena, are:

David M. Given (dmg@phillaw.com), Kyle P. O'Malley (kpo@phillaw.com), and Nina C. Pouget (ncp@phillaw.com); Phillips, Erlewine, Given & Carlin LLP, 39 Mesa Street Suite 201, San Francisco, CA 94129; Tel: 415-398-0900, Fax: 415-398-0911

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 4:23-cv-04506-JSW

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________________________
______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

NORTHERN DISTRICT OF CALIFORNIA

OM RECORDS, LLC, a California limited liability company,

Plaintiff,

v.

OM DEVELOPPEMENT, SAS; OLYMPIQUE DE MARSEILLE, SA; BMG RIGHTS MANAGEMENT (FRANCE), SARL; BMG RIGHTS MANAGEMENT (US), LLC,

Defendants.

**ATTACHMENT TO SUBPOENA**

**TO DAVID HIRSHLAND**

**DEFINITIONS**

1. "ANY" includes and encompasses "ALL."

2. The term "BMG DEFENDANTS" refers to BMG RIGHTS MANAGEMENT (FRANCE), SARL, and BMG RIGHTS MANAGEMENT (US), LLC and any of their owners, officers, employees, agents, representatives, or related and affiliated entities.

3. "COMMUNICATION" means an instance in which words or information are transferred or transmitted between two or more persons by whatever manner or means, and regardless of how or by whom the communication was initiated, including but not limited to mail, email, text messages, voicemail, social media post or comment, and any other form of communication.

4. The terms "DEFENDANT" or "DEFENDANTS" refer to ANY and ALL of the following: OM DEVELOPPEMENT, SAS; OLYMPIQUE DE MARSEILLE, SA; BMG RIGHTS MANAGEMENT (FRANCE), SARL; BMG RIGHTS MANAGEMENT (US), LLC; and any of their owners, officers, employees, agents, representatives, or related and affiliated entities.

5. The terms "DOCUMENT" or "DOCUMENTS" incorporate any writing defined in Fed. R. Evid. § 1001, however produced. The terms as used herein include, without limitation, any typewritten, handwritten, graphic, photographic, printed or otherwise recorded matter or recording of symbols in tangible form, however produced or reproduced, of every kind and regardless of where located, which is in your possession, custody, or control; or in the possession, custody or control of any servant or agent of you or of your attorneys. The terms include the following: electronically recorded information such as electronic mail ("email"), text

messages, direct messages, social media posts and messages, .html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic or other media; and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. Electronic files shall be produced in native format with all metadata intact. The terms "DOCUMENT" and "DOCUMENTS" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the file in which the documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document which has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

6. The term "IDENTIFY" means to provide sufficient information for the service of a subpoena upon that person, such information including but not limited to: name, title, address, telephone number, and email address.

7. The term "OM DEFENDANTS" refers to OM DEVELOPPEMENT, SAS, and OLYMPIQUE DE MARSEILLE, SA and any of owners, officers, employees, agents, representatives, or related and affiliated entities.

8. The term "OM RECORDS TRADEMARK" refers to PLAINTIFF's "Om Records" trademark.

9. The term "OM RECORDS ENTERPRISE" means DEFENDANTS' "OM Records" record label, any advertising concerning that record label, and any content released under that name by any DEFENDANT, including any songs, albums, music videos, or other media whether physical or electronic.

10. The term "PERSON" means and includes both individuals and entities of all kinds.

11. The term "PLAINTIFF" refers to OM RECORDS, LLC.

12. The phrase "RELATING TO," "RELATED TO," and "RELATING THERETO" means and includes arising from, discussing, summarizing, comprising, constituting, describing, reflecting, containing, including, referring to, depicting, connected with, embodying, evidencing, concerning, reporting, or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

13. The terms "YOU" and "YOUR" mean David Hirshland, and any of YOUR agents or representatives.

**DOCUMENTS TO BE PRODUCED**

1. ALL DOCUMENTS and COMMUNICATIONS RELATING TO PLAINTIFF'S email to YOU on Sept. 25th, 2020 (Subject Line: "Hello from Om Records :)"), including but not limited to your email of the same date to Sylvain Gazaignes and his response thereto.

2. ALL COMMUNICATIONS to, from, or including YOU, ANY DEFENDANT, Legabrand SARL, K&G Law LLC, Sylvain Gazaignes, Frank McCourt, John Loeffler, François Vesval, Claire Hindermeyer-Cayez, or Emilie Hauck RELATING TO PLAINTIFF.

3. ALL COMMUNICATIONS to, from, or including YOU, ANY DEFENDANT, Legabrand SARL, K&G Law LLC, Sylvain Gazaignes, Frank McCourt, John Loeffler, François

Vesval, Claire Hindermeyer-Cayez, or Emilie Hauck RELATING TO the OM RECORDS ENTERPRISE.

4. ALL COMMUNICATIONS to, from, or including YOU, ANY DEFENDANT, Legabrand SARL, K&G Law LLC, Sylvain Gazaignes, Frank McCourt, John Loeffler, François Vesval, Claire Hindermeyer-Cayez, or Emilie Hauck RELATING TO the OM RECORDS TRADEMARK.

5. ALL DOCUMENTS constituting ANY contract or agreement RELATING TO the OM RECORDS ENTERPRISE and ALL COMMUNICATIONS RELATING THERETO.

6. ALL DOCUMENTS and COMMUNICATIONS sufficient to IDENTIFY ANY PERSONS involved in the creation, management, or operation of the OM RECORDS ENTERPRISE.

7. ALL DOCUMENTS and COMMUNICATIONS RELATING TO the cease-and-desist letter sent by PLAINTIFF to Defendants Olympique de Marseille, SA, and BMG Rights Management (France), SARL on October 12, 2020 (copy attached, Bates No. OMR 0001 – 0002).

8. ALL DOCUMENTS and COMMUNICATIONS RELATING TO the cease-and-desist letter sent by PLAINTIFF to Facebook and Instagram on February 22, 2021 (copy attached, Bates No. OMR 0003 – 0005).

9. ALL DOCUMENTS and COMMUNICATIONS RELATING TO the cease-and-desist letter sent by PLAINTIFF to Twitter (now X) on February 22, 2021 (copy attached, Bates No. OMR 0006 – 0008).

10. ALL DOCUMENTS and COMMUNICATIONS RELATING TO the cease-and-desist letter sent by PLAINTIFF to iTunes and Apple Music on February 22, 2021 (copy attached, Bates No. OMR 0009 – 0011).

11. ALL DOCUMENTS and COMMUNICATIONS RELATING TO the cease-and-desist letter sent by PLAINTIFF to Spotify on February 22, 2021 (copy attached, Bates No. OMR 0012 – 0014).

12. ALL DOCUMENTS and COMMUNICATIONS RELATING TO the cease-and-desist letter sent by Om Records to YouTube on June 8, 2021 (copy attached, Bates No. OMR 0015 – 0017).

13. ALL DOCUMENTS and COMMUNICATIONS RELATING TO ANY public statement issued or made by ANY of the DEFENDANTS RELATING TO the OM RECORDS ENTERPRISE.

14. ALL DOCUMENTS and COMMUNICATIONS RELATING TO ANY trademark proceedings in the U.S., European Union, U.K., or France involving the OM RECORDS ENTERPRISE.

15. ALL COMMUNICATIONS to, from, or including any PERSON in California or the United States RELATING TO the OM RECORDS ENTERPRISE, PLAINTIFF, or the OM RECORDS TRADEMARK.

16. ALL DOCUMENTS and COMMUNICATIONS RELATED TO ANY consumer confusion between the OM RECORDS ENTERPRISE and PLAINTIFF or the OM RECORDS TRADEMARK.

17. ALL DOCUMENTS and COMMUNICATIONS RELATED TO ANY DEFENDANT'S intent to use the "OM Records" name in the United States or California.

# EXHIBIT F

**From:** Weir, Charles
**To:** David M. Given; Oswell, Laura Kabler; Laudeman, Bretton H.; Gonzalez, Andrea
**Cc:** Kyle P. OMalley; Nina C. Pouget; Brian Conlon
**Subject:** RE: OM -- Follow Up to Meet and Confer re Jurisdictional Discovery
**Date:** Tuesday, July 9, 2024 6:42:57 PM
**Attachments:** image001.png

---

David –

We would like to meet and confer with you about the 78 document requests (Sets Two and Three) that plaintiff has propounded on BMG US and BMG France (collectively, "BMG").

The 78 document requests are inconsistent with the Court's June 17 Dismissal Order, which, as you know, only authorizes "limited jurisdictional discovery." (Dismissal Order p. 21 (emphasis added).) On the June 26 discovery call, you told all defendants that plaintiff would withdraw requests from Set Two in light of the Court's order. However, plaintiff only withdrew five requests to BMG, and, one day later, propounded more discovery than what had been withdrawn. The quantity and scope of the pending discovery violates the Court's order.

The document requests also are inconsistent with the Court's Order granting all defendants' motion for a protective order, which describes Set Two alone as "extensive." (Protective Order p. 2.) In the same Order, the Court stated that "[i]f the Court grants Plaintiff's request to conduct jurisdictional discovery, that discovery will be subject to limits imposed by the Court's forthcoming order." (*Id.* p. 4 (emphasis added).) As note above, in granting that request, the Court underscored that the discovery allowed was "limited". (Dismissal Order p. 21 .) Yet, instead of complying with the Court's Orders and limiting the "extensive" discovery it had propounded, plaintiff propounded more.

Further, the 35 and 43 document requests to which plaintiff seeks responses from BMG US and BMG France, respectively, are wholly inconsistent with your statement to Robert just days prior to the June 26 discovery call (in which he did not participate) that plaintiff would only ask BMG US and BMG France to respond to 6 and 12 document requests, respectively. Tellingly, when Robert brought this change in position to your attention, you did not deny it.

This morning we also received a subpoena to Mr. Hirshland that seeks his deposition and included another 17 document demands. This brings the total number of requests propounded on BMG or former BMG employees to almost 100.

The Court's Orders do not allow the discovery that plaintiff has propounded. When we agreed to provide responses to discovery this Friday, we were assuming that plaintiffs would reduce its demand consistent with the Court's orders. As detailed above, plaintiff has not done so. Therefore, unless Plaintiff materially scales back its 78 document requests, BMG will not respond to any of them.

Please let us know your availability to discuss these matters further.

Best regards,

**Charles Weir**
Partner

**Manatt, Phelps & Phillips,** LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
**D** (310) 312-4280 **F** (310) 312-4224
CWeir@manatt.com

manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

---

**From:** David M. Given <dmg@phillaw.com>
**Sent:** Wednesday, June 26, 2024 2:36 PM
**To:** Oswell, Laura Kabler <oswelll@sullcrom.com>; Laudeman, Bretton H. <laudemanb@sullcrom.com>; Weir, Charles <CWeir@manatt.com>; Gonzalez, Andrea <ADGonzalez@manatt.com>
**Cc:** Kyle P. OMalley <kpo@phillaw.com>; Nina C. Pouget <ncp@phillaw.com>; Brian Conlon <bsc@phillaw.com>
**Subject:** OM -- Follow Up to Meet and Confer re Jurisdictional Discovery

**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**

---

Counsel –

Thank you for making the time this morning.

We have looked again at our document requests served in March in light of Judge White's order on the motions to dismiss.

We withdraw or modify the following (the numbers correspond with the two sets served on the OM Defendants, but the subjects apply equally to the BMG Defendants – the numbers don't exactly line up):

**Request No. 57** will be withdrawn.

**Request No. 58** will be withdrawn.

**Request No. 77** will be withdrawn.

**Request No. 78** will be withdrawn.

**Request No. 79** will be withdrawn.

**Request No. 82** will be limited to those accessible to users of the various social media platforms in the U.S. or California.

**Request No. 83** will be limited to confusion expressed by consumers in the U.S. or California.

As discussed and agreed, the BMG Defendants shall give written responses and the Om Defendants shall give amended written responses to our outstanding document requests together with any responsive documents your respective clients are then-prepared to produce on or before Friday, July 12th.

One note on the subject of documents: Although not discussed, we see no reason for any further delay in providing us those licenses, assignments and other agreements identified in the parties' Aug. 2020 term sheet as part of their contractual relationship – those are the "OM License Grant" referred to at Para. 1.B.(i.); the "BMG License Grant" referred to at Para. 1.B.(ii.); and the "Assignment of Exploitation Rights of Artists" referred to at Para. 2.(a.-c.). We would request that they be produced along with the written responses mentioned above.

Finally, while I am dubious of the need for a protective order in a case involving a defunct business venture, as a matter of practice when one is called for I do not ordinarily deviate from the Northern District's model form. If your clients want a protective order in this case, you should prepare one that conforms with that model and submit it to me at the earliest convenience.

David M. Given
**PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP**

39 Mesa Street, Suite 201
The Presidio
San Francisco, CA 94129
Tel: 1 (415) 398-0900
Fax: 1 (415) 398-0911
dmg@phillaw.com
www.phillaw.com

PRIVILEGED COMMUNICATION AND CONFIDENTIALITY NOTICE: This communication with its contents, materials, and attachments contains confidential information. It is solely for the use of the intended recipient(s). Recipient(s) is not to share or forward any such information without written consent from Phillips, Erlewine, Given & Carlin LLP. Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. Furthermore, if the intended recipient is a client, this communication is protected by the ATTORNEY-CLIENT PRIVILEGE. If you are not the intended recipient, please contact Phillips, Erlewine, Given & Carlin LLP and the sender and destroy all copies of the communication.

# EXHIBIT G

**From:** Weir, Charles
**To:** David M. Given
**Cc:** David M. Given; Brian Conlon; Nina C. Pouget; Hayley J. Zupancic; Jacobs, Robert; De Leeuw, Marc; Oswell, Laura Kabler; Laudeman, Bretton H.; Gonzalez, Andrea; Kyle P. OMalley
**Subject:** RE: [EXTERNAL] RE: OM Defendants" Amended R&Os to Plaintiff"s RFPs (Set Two)
**Date:** Friday, August 2, 2024 3:32:11 PM
**Attachments:** image001.png

---

David –

On our meet and confer call on Monday, July 29, 2024, we had reached an agreement for an approach to address our discovery dispute regarding the "limited jurisdictional discovery" the Court allowed. (Dkt. No. 57 at 11.) Rather than honor this agreement and avoid further expending the parties' resources, you emailed a joint discovery letter yesterday, August 1, that neither accords with our discussions nor accurately reflects the state of discovery and posture of this case. For example, despite both written correspondence and a specific discussion on the matter, plaintiff states in the draft letter that BMG provided no response to plaintiff's purported jurisdictional discovery. The letter also misrepresents the call. We did not agree to the custodians identified and we did provide our basis for why most of plaintiff's requests are improper. We even identified and discussed specific requests and our legal rationale as to why the scope was too broad. As we also discussed, our approach to these matters is driven by an effort to be efficient given the nature and size of the case. We left the call Monday believing that plaintiff had the same goals. Unfortunately, we are concerned that is not the case after receiving your draft letter.

Nevertheless, the BMG Defendants are still willing to proceed with the approach discussed on Monday to avoid expending the Court's resources on issues that we can still resolve. As your joint letter draft does not accurately reflect what we discussed on Monday, we will lay out what we agreed to do here.

We agreed to email you a list of documents or categories of documents that we are willing to produce, and indicated that we will likely be ready to begin a rolling production of such documents next week. We note that some of the materials sought by plaintiff have already been produced. We made <u>no</u> representation to produce any document by August 2 as stated in your letter. This approach, as we explained on Monday, will help the parties understand where they are in agreement regarding the scope of discovery. And consequently, this will limit the issues that the parties may need to present to the magistrate judge, if any.

Following this approach, listed below are the additional categories of documents that BMG France is willing to search for and produce to the extent they exist and are within its possession, custody, or control:

- Communications and documents related to the use of the OM Records mark with Trackdilla;
- Agreements related to the use of the OM Records mark and Trackdilla;
- Communications and documents related to the advertising or marketing of the OM Records mark aimed at California or the U.S.;
- Communications with BMG US related to the use of the OM Records mark in the California or the U.S.;
- Documents or communications that demonstrate where marketing for the OM Records venture was aimed; and
- Documents sufficient to demonstrate the funds, if any, that BMG France spent on promoting the OM Records venture in California or the U.S.

BMG US will not search for or produce any documents for at least two reasons. First, practically speaking, if BMG US was as involved in the venture as you claim, then the documents produced by the French Defendants would reflect as such and provide you what you want. We also note that the reality about BMG US's involvement is contrary to plaintiff's claims. Searching email from BMG US will be a burdensome and unnecessary process. Second, and as we have maintained, the Court expressly limited the jurisdictional discovery to an "inquiry into each of the ***French Defendants***' actions" – not BMG US. (Dkt. No. 57 at 21 (emphasis added).)

Our list of proposed documents is appropriately limited and relates to whether BMG France purposefully directed its activities toward California or the US. The Court order limited jurisdictional discovery solely "with regard to use and distribution of the OM Records mark in California and United States." (Dkt. No. 57 at 21.) The vast majority of your requests, made up of any documents and communication related to the OM Records venture, are facially overbroad. Many of them would not even be appropriate in merits-based discovery, let alone the limited jurisdictional discovery permitted by the Court. Plaintiff's demands are largely inappropriate.

On a related note, the third-party deposition of David Hirshland will not be going forward on August 13, 2024. Not only does that date not work for me, but we do not believe that Mr. Hirshland's deposition is proper. As made clear from the very emails included in plaintiff's complaint, your client was reaching out to Mr. Hirshland seeking to be connected with someone at BMG France regarding its trademark concerns. Mr. Hirshland accommodated your client's request and ultimately forwarded the response from BMG France. Plaintiff's representations in its draft joint letter that these emails reflect some sort of deep involvement by Mr. Hirshland on these issues is simply not correct or even remotely supported by the communications. If plaintiff is going to continue to insist on deposing Mr. Hirshland, this is an issue that we will need to present to the magistrate judge for resolution.

This email is our attempt to continue a good faith meet and confer process on our jurisdictional discovery issues. Although we may not agree on all points, we should at a minimum, identify what we agree on to avoid expending the Court's and parties' resources.

Best regards,

**Charles Weir**
Partner

**Manatt, Phelps & Phillips,** LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
**D** (310) 312-4280 **F** (310) 312-4224
CWeir@manatt.com

manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

---

**From:** Kyle P. OMalley <kpo@phillaw.com>
**Sent:** Thursday, August 01, 2024 1:33 PM
**To:** Laudeman, Bretton H. <laudemanb@sullcrom.com>; Gonzalez, Andrea <ADGonzalez@manatt.com>
**Cc:** David M. Given <dmg@phillaw.com>; Brian Conlon <bsc@phillaw.com>; Nina C. Pouget <ncp@phillaw.com>; Hayley J. Zupancic <hjz@phillaw.com>; Jacobs, Robert <RJacobs@manatt.com>; Weir, Charles <CWeir@manatt.com>; De Leeuw, Marc <DeLeeuwM@sullcrom.com>; Oswell, Laura Kabler <oswelll@sullcrom.com>
**Subject:** RE: [EXTERNAL] RE: OM Defendants' Amended R&Os to Plaintiff's RFPs (Set Two)

**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**

---

Brett and Andrea,

Please see attached for both letters.

We've renamed the files to distinguish between the OM and BMG Defendants. We've also changed "Om Defendants" in the first letter to "OM Defendants." Otherwise, there are no other changes.

Please provide your respective clients' positions.

Thanks,